Dear Clerk Ryland:
This office is in receipt of your opinion request in which you ask:
 As to (Code of Civil Procedure) Article 1201 (C), what constitutes a request for service of the citation?
 In the body of the petition, if the address of the defendant is shown and the prayer states that the defendant be duly cited and served, does this constitute the required request for service? Or, should the filing attorney indicate at the close of the petition the name and address of the defendant?
Code of Civil Procedure Article 1201 (C) requires that service of citations be requested on all named defendants within ninety (90) days of commencement of the action. Regarding the form of the petition and its' specific requirements regarding names and addresses of defendants, Code of Civil Procedure Article 891 (A) states as follows:
 The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation; shall designate an address, not a post office box, for receipt of service of all items involving the litigation; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative. (Emphasis added).
Per Article 891, the petition must set forth the name, surname, domicile and a service address of the parties. Code of Civil Procedure Article 853 further requires that "the title of the action shall state the name of the first party on each side with an appropriate indication of other parties." Clearly, the petition or pleading must state the name and address of the parties. However, in accordance with Code of Civil Procedure Article 854, "no technical forms of pleading are required." In accordance with the above cited articles, there must clearly be a request for service. The ultimate issue of what exactly constitutes a "request for service" must be determined by the court on a case by case basis. Louisiana Acts 1997, No. 518, amended article 1201, adding paragraph C which requires a request for service to be made within 90 days of filing. We are not aware of any court decisions interpreting exactly what constitutes a request for service. Nevertheless, it is our opinion that the two examples you presented in your letter of request clearly delineate service instructions. It is beneficial to all parties if such a clear request for service is made; however, at a minimum, the name and address of the parties must be given, and a "request for service" must be made by the plaintiff. If you are unsure as to whether such a request has been made, we suggest you ask the party filing the pleadings if they are requesting service.
We hope this opinion sufficiently addressed your concerns. If we may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: J. RICHARD WILLIAMS ASSISTANT ATTORNEY GENERAL
RPI/JRW/BK/crt